IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES W. DURBIN and JOANIE DURBIN,
his wife,

    Plaintiffs,

v.                              Civil Action No. 5:09CV54
                                            (STAMP)
ARLEN M. DACAR, individually and
d/b/a ARLEN M. DACAR MASONRY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REMAND**

### I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging that the defendant is liable under West Virginia's "deliberate intent" statute, W. Va. Code § 23-4-2 et seq. Following removal of this action to this Court, the plaintiffs filed a motion to remand to which the defendant filed a response, and the plaintiffs did not file a reply. For the reasons set forth below, the plaintiffs' motion to remand is denied.

### II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal

courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In their motion to remand, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court disagrees.

In their complaint, the plaintiffs allege the following damages: (1) plaintiff Mr. Durbin suffered injuries to his ribs, body, neck, back, spine, psyche, muscle tissues, soft tissue, fascia, shoulders, extremities, and other body parts, and serious injuries, both internally and externally, which has caused him, and will continue to cause him physical pain and suffering, mental anguish, and emotional pain; (2) plaintiff Mr. Durbin has incurred medical expenses, which he will continue to incur in the future; (3) plaintiff Mr. Durbin has lost his ability to carry out the

duties and responsibilities of his life; (4) plaintiff Mr. Durbin has lost wages and benefits and has suffered an impairment of his future earning capacity; and (5) plaintiff Mrs. Durbin has lost the consortium and services of her husband.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount. <u>Id.</u>

This Court finds that the defendant has shown by a preponderance of evidence that the amount in controversy meets the jurisdictional requirements. "The starting point for ascertaining the amount in controversy when the petition for removal was filed is . . . the complaint itself." <u>Sayre v. Potts</u>, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999). When a complaint is filed without an obvious amount in controversy, the court can look to evidence available at the time of removal to fill in the missing amount.

Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 427 (7th Cir. 1997). The court can also use its "common sense" to determine an amount for jurisdictional purposes. Mullins, 861 F. Supp. at 24. In addition, the removing party can use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000.00. Id.

While the plaintiffs do not request a specific amount of damages, this Court, applying a "common sense" analysis, finds that the amount in controversy exceeds the $75,000.00 minimum requirement. As of June 10, 2009, as evidenced by the Ohio Board of Worker's Compensation "Detailed HPP Medical Billing History of Claim," plaintiff Mr. Durbin incurred medical costs in the amount of $164,098.01. (Def.'s Resp., Ex. A). Moreover, as of May 23, 2009, plaintiff Mr. Durbin also suffered lost wages in the amount of $16,929.26. (Def.'s Resp., Ex. B). In that the plaintiffs are seeking these damages in this civil action, and these damages alone, regardless of the plaintiffs' request for additional damages for future medical costs, additional lost wages, loss of earning capacity, and loss of consortium, satisfy the jurisdiction requirement. Thus, the defendant has demonstrated by a preponderance of the evidence that the plaintiffs' claim is greater than $75,000.00, exclusive of interests and costs.

## IV. Conclusion

For the reasons stated above, this Court concludes that the amount in controversy exceeds $75,000.00, exclusive of interests

and costs. Accordingly, the plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     February 10, 2010

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE